Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

District of   Columbia

Case: 1:19−cv−00089    JURY DEMAND
Assigned To : Jackson, Ketanji Brown
Assign. Date : 1/11/2019
Description: Employ. Discrim. (H-DECK)

**Maysa Ashhab-Jones**                      )
                                            )
*Plaintiff(s)*                              )
*(Write the full name of each plaintiff who is filing this*   )
*complaint.  If the names of all the plaintiffs cannot fit in the*  )   Jury Trial: *(check       x    Yes        No*
*space above, please write "see attached" in the space and*   )   *one)*
*attach an additional page with the full list of names.)*     )
-v-                                         )
                                            )
                                            )
**Cherokee Nation Strategic Programs,**     )
**LLC**                                     )
                                            )
*Defendant(s)*                              )
*(Write the full name of each defendant who is being sued.*   )
*If the names of all the defendants cannot fit in the space*  )
*above, please write "see attached" in the space and attach*
*an additional page with the full list of names.)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.      **The Parties to This Complaint**

    A.      **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional
pages if                 needed.

            Name            **Maysa Ashhab-Jones**

            Street Address  **43-33 46th Street #B4**

RECEIVED
Mail Room

JAN 1 1 2019

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| City and County | **Sunnyside, Queens** |
| State and Zip Code | **NY 11104** |
| Telephone Number | **917-747-7269** |
| E-mail Address | **maysa75@gmail.com** |

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | **Cherokee Nation Strategic Programs, LLC (CNSP)** |
| Job or Title *(if known)* | **Attn: Brad Barnhart, Operations General Manager** |
| Street Address | **777 West Cherokee Street** |
| City and County | **Catoosa, Rogers County** |
| State and Zip Code | **OK 74015** |
| Telephone Number | **918-384-7484** |
| E-mail Address *(if known)* | **brad.barnhart@cn-bus.com** |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | **United States Embassy** |
| Street Address | **Kindi Street** |
| City and County | **Baghdad** |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

|  | |
|---|---|
| State and Zip Code | **Iraq** |
| Telephone Number | **301-985-8841** |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

X                  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e , et. seq. and 42 U.S.C. 1981 (race,

X                  color, gender, religion, national origin and retaliation).

X                  *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity                Commission.)*

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities      Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment                Opportunity Commission.)*

Other federal law *(specify the federal law)*:   42 U.S.C. 1981 (based on race and national origin discrimination)

Relevant state law *(specify, if known)*:

Relevant city or county law *(specify, if known)*:

Page 3 of  12

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

|   |   |
|---|---|
|   | Failure to hire me. |
| X | Termination of my employment. |
|   | Failure to promote me. |
|   | Failure to accommodate my disability. |
| X | Unequal terms and conditions of my employment. |
| X | Retaliation. |
|   | Other acts *(specify)*:            hostile work environment |

*Employment*

*the*

*(Note:  Only those grounds raised in the charge filed with the Equal Opportunity Commission can be considered by the federal district court under federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

**I was told my contract position would end in Summer, 2017 and I was separated from employment.  The hostile work environment and related discriminatory acts occurred in January 2, April 4, April 12, 2017 and various dates in May-June, June 25-26, July 10-13, 2017.**

C.    I believe that defendant(s) *(check one)*:

|   |   |
|---|---|
| X | is/are still committing these acts against me. |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

race

color

gender/sex          **Female**

religion            **Muslim**

national origin     **Palestinian**

age *(year of birth)*              *(only when asserting a claim of age discrimination.)*

disability or perceived disability *(specify disability)*

**Retaliation**

E.     The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Jurisdiction:**

1. This action is brought under Title VII, 42 U.S.C. section 2000e-5 for discrimination based on my gender (female), religion (Muslim), national origin and background (Palestinian) and retaliation for my complaints and filing EEOC Charge # 570-2017-01475X against Agency No. DOS-0367-16.   Also under 42 U.S.C. section 1981 which precludes discrimination in contracting including employment based on race or national origin.  28 U.S.C. section 1331 also provides jurisdiction.

**Venue or Place to Bring the Action:**

2. Cherokee Nation Strategic Programs, LLC, (CNSP) is incorporated in Oklahoma. However, I worked at and discriminatory acts occurred a Department of State's (DOS) site and in Washington. D.C.  I worked at the U.S. Embassy in Baghdad, and on information and belief, contracting officers, records, and other information relevant to this case is in Washington D.C. and this Court is the most convenient Court to hear these claims.

3. CNSP is owned by Cherokee Nation and claims my employment agreement falls under Cherokee Nation jurisdiction, but based on information and belief, CNSP is a domestic limited liability company formed under Oklahoma state laws that agreed to sue and be sued in all courts.

**Claims:**

4.  CNSP, an Oklahoma limited liability company, employed me as a contractor working with the Department of State (DOS) in Baghdad. Pursuant to CNSP-DOS contract, I worked with State Department officials in Baghdad and under their control.

5. I began working for CNSP when it was awarded the contract with DOS on or about October 15, 2016, in the position of Operations Coordinator and Subject Matter Expert / IRM Support

Specialist. I was incumbent in that position since August 2012 with the prior contractor and was retained when CNSP took over the existing contract. (**Please see additional pages attached**).

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of  your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## VI.  Exhaustion of Federal Administrative Remedies

It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct  on

**May 2018 (met deadline of 300 days)   August 2016, I contacted an EEO counselor with the Department of State and continued such contacts with the Department of State EEO system thereafter into 2018.**

B.       The Equal Employment Opportunity Commission *(check one)*:

                     has not issued a Notice of Right to Sue letter.

                     issued a Notice of Right to Sue letter, which I received on
          *(date)* **October 22, 2018**

                     *(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal*

*Employment*

                     *Opportunity Commission to this complaint.)*


C.       Only litigants alleging age discrimination must answer this question.

          Since filing my charge of age discrimination with the Equal Employment Opportunity

*Commission*

          regarding the defendant's alleged discriminatory conduct *(check one)*:


                     60 days or more have elapsed.

                     less than 60 days have elapsed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive   or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive  money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Administrative Remedies:**

1. I filed an administrative complaint with the Equal Employment Opportunity Commission in Oklahoma to protect my rights and EEOC provided me a right to sue letter dated October 18, 2018, which I received October 22, 2018. I have exhausted my administrative remedies and this Complaint is timely. I file pro se to meet the deadline and I may later hire an attorney.

2. I also protected my rights by filing with an EEO counselor and then a formal complaint with the Department of State which claims were accepted.

3. I asked for a hearing on the State Department claim and that case is in line at the office of an EEOC Administrative Judge.  The EEOC Administrative Judge does not have authority or jurisdiction over Cherokee Nation.

In relief and remedies I seek:

a. Retroactive reinstatement to my job or a similar job of equal pay and benefits;

b. Back pay and benefits;

c. Compensatory damages for pain and suffering and out of pocket expenses for medical care up to the Title VII statutory limits of $300,000;

d.   Punitive damages up to the statutory Title VII limit of $70,000;

e.  Any attorney fees and expenses incurred in connection with the discrimination, retaliation, and this Complaint and for assistance on discrimination of which this Complaint gives notice;

f.  $800,000 under section 1981 or such other greater remedies that are just and equitable and proved by the evidence.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge,
information,
    and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass,
cause
    unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a
    nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions
have  evidentiary support or, if specifically so identified, will likely have evidentiary support after a
reasonable
    opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the
    requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers
may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Date of signing:    **January 3,**
                                   **2019**

Signature of Plaintiff

Printed Name of                **Maysa Ashhab-Jones**

Plaintiff

### B.        For Attorneys

Date of signing:

Signature of Attorney

Printed Name of

Attorney

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**Additional pages of "The facts of my case are as follows," line 112. Maysa Ashhab-Jones in support of Claim I under Title VII of the Civil Rights Act.**

6. I am an Arab American of Palestinian descent.  The office where I worked is located in the U.S. Embassy in Bagdad, Iraq. I was hired in the position in August 2012 in part because I speak Arabic and understands the culture relevant to the DOS' interest in that part of the world.

7. In August of 2016, I reported sexual harassment and discrimination based on my gender, ethnicity and religion by my DOS supervisor Jeffrey Myers and others and filed with the Department of State an EEOC Charge # 570-2017-01475X, DOS (Agency) No. DOS-0367-16. My claims were accepted, investigated by DOS and included in ROI. (Claim is being processed, currently in EEOC Administrative Judge's office.) Afterwards, I experienced harassment, discipline, and discharge by employees of CNSP, including onsite program manager Ms. Iris Mechelle (Berry) Prewitt, who is a subject in my DOS claim for participating in discrimination with DOS officials and who transitioned in the same position, program manager, to CNSP under the existing contract from which position I was separated.

Discriminatory actions against me included the following:

8. On or about January 2, 2017, my timesheet was scrutinized by CNSP's program manager, Ms. Berry-Prewitt. No other employee timesheet was scrutinized: my work habits were subject to uncharacteristic and unusually deep examination, after which I was falsely accused of failing to meet contract requirements.

9. During a telephone conference with Operations General Manager, Mr. Brad Barnhart, and Human Resources senior officer, Ms. Lydia Horner, on or around January 2, 2017, I provided documentation to defend myself of the false accusation, including screen shots from my time sheet and instructions sent to all employees by Ms. Berry-Prewitt.

10. Mr. Barnhart and Ms. Horner apologized at one point and said it was a new company in learning process and that it was a miscommunication on their behalf.

11. During a telephone call on or about January 2, 2017, and via a dozen email messages that followed in March, April, May, June and July, of 2017, to Mr. Barnhart and Ms. Horner, I stressed big concerns that Ms. Berry-Prewitt and DOS officials were retaliating against me after they knew of my complaints of discrimination and were interviewed by DOS investigator in my EEO complaint.  I urged CNSP to protect me from discrimination and hostile work environment.

12. Ms. Horner once responded that my issues began before the company took over the contract and that we should start clean. After I said discrimination was ongoing after CNSP took over the contract, she emailed me a form to fill out in January 2017.  I had a question about the form because I felt it was the wrong one.   I emailed Ms. Horner and Mr. Barnhart in two separate emails and left them voice messages to clarify about the form. I did not receive any response.

13. CNSP failed to stop the discrimination, enabled the discrimination, and participated in the discrimination and retaliation against me.

14.  For example,  on or about April 4, 2017, my time sheet was excessively scrutinized, differently than other employees, for a two day out of office training. Days prior, a DOS officer, who was named and was a subject in my DOS EEO complaint, did an unauthorized investigation into my computer.   DOS next asked CNSP to remove me from the contract.

15. During a second audit of my work time, CNSP directed me to provide a log of my work days broken down by minutes. CNSP, in coordination with DOS, continued to investigate my timesheet even days after I provided the requested log.

16. On April 11-12, 2017, CNSP disciplined me with an unwarranted documented verbal warning for not saving my daily hours on my time sheet. I begged them not to attack me and

protect me instead, but they ignored my plea.  All employees received email reminders to save their daily hours to their time sheets without warnings or penalties if they did not.

17. The disciplinary documented verbal warning was CNSP response to DOS officials, who stressed annoyance with my EEO complaint. Based on information and belief, CNSP told DOS they could not terminate me (yet) because of legal repercussions, instead they can start an HR paper trial of poor performance and then terminate me, to protect CNSP and DOS legally.

18. Based on information and belief, on April 10-12, 2017, at the same time Mr. Barnhart and Ms. Horner were disciplining me through a telephone conversation and a follow up email, another CNSP supervisor, Tiffany Hunt, was corresponding with DOS contracting officials in D.C. and the embassy in Baghdad to satisfy them with the updates; the process of removing me carefully to avoid legal repercussions.  Ms. Hunt, for example, told DOS officials that CNSP gave me another verbal warning in January, an inaccurate information.  Ms. Horner later denied she said that, after I inquired.

19. On or around April, 2017, a DOS supervisor told me that CNSP put me on a Performance Improvement Plan (PIP).  CNSP denied placing me on a PIP when I inquired about it later. Despite the fact I was saving my hours on a daily basis, other employees failed to save their time daily without discipline or other penalty.

20. On or about March or April, 2017, My DOS supervisor, Jaime Esquivel, informed me by email that my contract position will end in Summer, 2017. He claimed my EEO complaint had nothing to do with the decision, which was not his decision to make.

21. On or about May 9, 2017, DOS management issued CNSP a Loss of Confidence statement regarding my ability to perform and follow policies and requested my immediate removal from the contract.  A CNSP supervisor, Ms. Berry-Prewitt participated in this retaliatory move by

drafting false accusations of poor performance and failure to follow timesheet instructions. Her words from her draft were used in DOS documents supporting DOS' Loss of Confidence bid to have me removed. My DOS supervisor Jaime Esquivel stated he did not have any performance or attendance problems with me. He did say I should start looking for another job but the context, I believe, was because DOS and CNSP were after me.

22. After I complained of discrimination and as an act of reprisal for engaging in prior protected activity, In May/June 2017, I learned that DOS and CNSP intended to change my work duties and increase the qualifications of the position in which I was employed. The changes were designed to disqualify me from continuing working in the position where I had been for five years. A Supervisor told me about the changes; he thought I was going to quit my job then, but I told him I was not quitting.

23. June 25-26, 2017, was a local Muslim holiday, and the embassy was closed. I requested to work short days or to be on call because, as a practicing Muslim, the religious holiday was an important time for me. My request was denied. Other CNSP employees working at the embassy were allowed to work short days or to be on call, including the program manager, Ms. Berry-Prewitt. Employees also were allowed short days or to be on call for Christian and other religious holidays. Ms. Berry-Prewitt, along with DOS officers and in discrimination, had falsely accused me of committing timesheet fraud during the same holiday prior and used the incident to support Loss of Confidence statement I mentioned above. None of the employees who were treated more favorably than me practiced this holiday and were given leave and/or short days or on call for their religious holidays.

24. On or around July 2, 2017, I wrote a complaint to Mr. Barnhart and Ms. Horner about the unfair treatment during my religious holiday. I did not receive a response.

25. Because I was under a lot of emotional distress due to the ongoing harassment perpetrated by DOS Officers and CNSP's supervisors, on July 10, 2017, I submitted my resignation to be effective for a later date of July 18, 2017.   A few hours later, that same day of July 10, 2017, and long before the date I noticed for resignation, I withdrew my resignation.

26.  However, I was not allowed to stay employed.  I was kicked out of my office on July 11, 2017, morning, my computer access was cut off and I was rushed out of the compound earlier than my notice which I gave in my resignation which I had withdrawn.

27. CNSP rushed me out of the embassy in an embarrassing and humiliating manner on Jul 13, 2017. I was not given enough time to pack my personal belongings. A farewell party friends and colleagues organized for me had to be cancelled.

28.  I was involuntarily separated from employment.

29. I believe and alleged in federal EEO complaint that Department of State discriminated against me and retaliated.

30.  I believe that CNSP executed on that discrimination in scrutinizing me, watching my time, and ultimately agreeing with an abolishment of my position when in fact my duties remained, and then separating me and refusing to let me remain employed longer after I withdrew my resignation.

31.  In the alternative and if I am wrong about the DOS asking CNSP to penalize me for discriminatory reasons and in retaliation, the above and other facts I reported during an investigation of my claims by the DOS show discrimination and thus my separation from employment by CNSP was discrimination by Defendant or because of retaliation or both.

CLAIM II.

32.  My 42 U.S.C. section 1981 claim is based on race to the extent the statute encompasses me

based on race or because of my ancestry or ethnic characteristics or origins, or national origin,

and retaliation after I complained of discrimination and the events and facts I allege above are

incorporated here in support of my section 1981 claim.  I had the same right to contract as did

persons of different race and as persons who were not Palestinian.

My remedies and relief section are set out on the form provided by the Court.

I say no more at this time.